IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Reginald McKinnon, | ) | |
| | ) | |
| Petitioner, | ) | C/A No. 2:19-716-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bureau of Prisons, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Reginald McKinnon, a federal prisoner proceeding pro se, filed a petition seeking mandamus relief pursuant to 28 U.S.C. § 1361. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge notified McKinnon that she intended to construe the action as a habeas petition pursuant to 28 U.S.C. § 2241, and she gave McKinnon three weeks to inform the court if he agreed with that interpretation. (ECF No. 4).[1] In response, McKinnon filed a form § 2241 petition, which was docketed as an attachment to his original filing. (ECF No. 1-2). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss the petition, and that the court deny a certificate of appealability. (ECF No. 11 at 6). The parties were advised of their right to file objections. *Id.* at 7. However, Petitioner did not file any objections, and the time to do so has now run.

---

[1] The magistrate judge also informed McKinnon that he needed to either pay the filing fee or file a motion to proceed in forma pauperis. (ECF No. 4 at 2). McKinnon thereafter filed a motion to be allowed to proceed in forma pauperis (ECF No. 7), which the magistrate judge granted (ECF No. 10).

1

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review, the court finds no clear error and, therefore, adopts the Report (ECF No. 11). Therefore, this action is **DISMISSED without prejudice.**[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

May 14, 2019
Anderson, South Carolina

---

[2] Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 F. App'x 306, 307 (4th Cir. 2010).